UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SERRICE HOLMAN, Attorney-in-Fact for KEVIN WILLIS,

Plaintiff,

v.

JUDGE LISA GREY; MICHAEL McMAHON; WENDY STEIN; KIRSTIN (LAST NAME UNKNOWN); GREGORY ESPOSITO; MICHAEL CIRIGLIANO; RICHARD KOPACZ; JOSEPH LICITRA; MAQUITA MOODY; BIJU KOSHY; DANIEL CICERO; JONAH HUGHEY; and RUSSELL SATIN,

Defendants.

**MEMORANDUM & ORDER**
26-CV-1591 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Plaintiff Serrice Holman, proceeding *pro se* and identifying herself as attorney-in-fact for her son Kevin Willis, commenced this action on March 17, 2026, against several Defendants associated with her own state criminal proceedings and Willis's separate state criminal proceedings. The Defendants named in the Complaint are Judges Lisa Grey and Biju Koshy (the "Judicial Defendants"); District Attorney Michael McMahon and Assistant District Attorneys Jonah Hughey and Russell Satin (the "Prosecutor Defendants"); court employees Wendy Stein, Daniel Cicero, and Kirstin (last name unknown) (the "Court Employee Defendants"); and attorneys Gregory Esposito, Michael Cirigliano, Richard Kopacz, Joseph Licitra, and Maquita Moody (the "Defense Attorney Defendants"). ECF No. 1 ("Compl.").[1] Plaintiff invokes the

[1] Unless otherwise indicated, when quoting cases and Plaintiff's Complaint, the Court omits all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court refers to the pages assigned by the Electronic Case Files system ("ECF").

Fourth, Sixth, and Fourteenth Amendments and seeks monetary damages and other relief arising from (i) Willis's arrest, prosecution, and detention, (ii) the alleged unreasonable seizure of $80,000 from Plaintiff, and (iii) alleged physical mistreatment of Plaintiff. *See* Compl. at 4–6, 12–16. Plaintiff's application to proceed *in forma pauperis* ("IFP") is GRANTED pursuant to 28 U.S.C. § 1915.

Plaintiff purports to assert claims belonging to Willis. Those claims are DISMISSED without prejudice for the reasons set forth below. To the extent Plaintiff seeks monetary relief against Defendants entitled to absolute immunity, those claims are DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Plaintiff's remaining claims based on alleged violations of her own constitutional rights are DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), with leave to amend by November 9, 2026.

## BACKGROUND[2]

Plaintiff identifies herself as "Attorney-in-Fact" for her son Kevin Willis and claims that she is the sole proprietor of a business. Compl. at 2, 12, 14. The Complaint alleges that, on March 17, 2025, government officials seized $80,000 in "business capital" from Plaintiff without a warrant and without providing a "Property Clerk Invoice," and that they failed to disclose the seizure during Plaintiff's arraignment in state court. *Id.* at 5, 12, 14–16. After she demanded return of the $80,000, Plaintiff was allegedly threatened and later subjected to physical mistreatment, including what she described as "mechanical asphyxiation," being stomped while prone, and having hair forcibly removed from her scalp. *Id.* at 12–13, 16. She characterized this

[2] The Court "recite[s] the substance of the allegations as if they represented true facts, with the understanding that these are not findings of the [C]ourt, as [I] have no way of knowing at this stage what are the true facts." *In re Hain Celestial Grp., Inc. Sec. Litig.*, 20 F.4th 131, 133 (2d Cir. 2021).

alleged mistreatment as an attempted murder. *Id.* at 16. But the Complaint does not identify (i) which named Defendant(s) personally committed the alleged acts, (ii) when each named Defendant participated in the alleged acts, or (iii) facts connecting any particular Defendant to the alleged injuries. Plaintiff also alleges that the Defense Attorney Defendants and the Prosecutor Defendants conspired to suppress evidence concerning the seized funds. *Id.* at 12–13.

Separately, the Complaint alleges that her son Willis has been unlawfully detained for an extended period, that state officials improperly used competency proceedings under Article 730 of the New York Criminal Procedure Law to keep him detained, and that Willis has been denied a speedy trial. *Id.* at 5, 12–13. She characterizes Willis's detention as a kidnapping. *Id.* at 12. According to Exhibit A of the Complaint, Willis is detained on Rikers Island. *Id.* at 29.

Plaintiff claims these events constitute violations of the Fourth, Sixth, and Fourteenth Amendments. *Id.* at 4–5, 13. She seeks damages, including damages for Willis's alleged disappearance and kidnapping, and appears also to request federal intervention in the ongoing state proceedings. *Id.* at 6, 9, 12–13.

## **LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim is plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations are assumed to be true, that rule is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.

*Pro se* complaints "must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally"). Nonetheless, where a plaintiff proceeds IFP, the Court must dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1983 provides a vehicle for vindicating federal constitutional and statutory rights against persons acting under color of state law. *See* 42 U.S.C. § 1983; *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a claim under Section 1983, a plaintiff must allege "(1) that the defendants deprived him of a right secured by the Constitution or laws of the United States; and (2) that they did so under color of state law." *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001). A plaintiff must also allege each defendant's personal involvement in the alleged constitutional deprivation. *See Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020).

## DISCUSSION

### I. Claims Asserted on Behalf of Kevin Willis

As an initial matter, Plaintiff may not prosecute claims belonging to Willis. Although Plaintiff describes herself as Willis's attorney-in-fact, that designation does not permit her, as a non-attorney, to prosecute claims belonging to Willis *pro se*. *See* 28 U.S.C. § 1654; *Berrios v. N.Y.C. Hous. Auth.*, 564 F.3d 130, 132–34 (2d Cir. 2009); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause."). A non-attorney may represent only her own

interests and may not appear on behalf of another person in federal court. *See Berrios*, 564 F.3d at 132–34.

The Complaint asserts numerous claims concerning rights belonging to Willis, including claims arising from his detention, competency proceedings, asserted speedy-trial rights, and criminal defense. Compl. at 5, 9, 12–16. Plaintiff may not litigate Willis's constitutional claims merely by virtue of her designation as his attorney-in-fact. *See Berrios*, 564 F.3d at 132–34. The Court therefore does not reach the merits of claims belonging to Willis. Those claims are dismissed without prejudice to Willis asserting them on his own behalf or through licensed counsel, subject to any applicable procedural requirements or defenses. The Court considers separately below whether the Complaint states any claim based on an alleged violation of Plaintiff's own federal rights.

**II. Claims Against Judicial Defendants and Prosecutor Defendants**

Even if the Court construed the Complaint as asserting claims belonging personally to Plaintiff, the claims against the Judicial Defendants and the Prosecutor Defendants are not viable. Judges are immune from suits for damages arising from acts performed in their judicial capacities, unless they act in the complete absence of jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991); *Butcher v. Wendt*, 975 F.3d 236, 241 (2d Cir. 2020). The Complaint challenges judicial acts taken in connection with state criminal proceedings, including rulings concerning warrants, competency, representation, and orders of protection. Compl. at 5, 9–10, 22–39. Nothing alleged plausibly suggests that Judge Grey or Judge Koshy acted outside a judicial capacity or in the complete absence of jurisdiction. Accordingly, to the extent Plaintiff seeks monetary damages against the Judicial Defendants for those acts, those claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

Prosecutors likewise enjoy absolute immunity from Section 1983 liability for conduct "intimately associated with the judicial phase of the criminal process," including initiating and pursuing a prosecution and presenting the State's case. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342–43 (2009). The allegations against District Attorney McMahon and Assistant District Attorneys Hughey and Satin concern their conduct in connection with Willis's prosecution. Compl. at 2–3, 7–8, 12, 22–39. The Complaint alleges no investigative or administrative conduct by those Defendants outside their role as advocates that plausibly deprived Plaintiff of a federal right. Accordingly, to the extent Plaintiff seeks monetary damages against the Prosecutor Defendants for such conduct, those claims must likewise be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

## III. Claims Against Court Employee Defendants

The Complaint names Deputy Clerk Wendy Stein, Court Officer Daniel Cicero, and a Brooklyn court clerk identified simply as "Kirstin" as Defendants. Compl. at 3. Court employees may be entitled to absolute quasi-judicial immunity when performing functions that are judicial in nature and integral to the judicial process. *See Rodriguez v. Weprin*, 116 F.3d 62, 66–67 (1997). The Court need not determine whether such immunity applies here, however, because the Complaint does not allege facts showing that either Stein, Cicero, or Kirstin, through their own individual actions, violated Plaintiff's constitutional rights. *See Tangreti*, 983 F.3d at 618 ("[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'") (quoting *Iqbal*, 556 U.S. at 676). Accordingly, Plaintiff fails to state a Section 1983 claim against Stein, Cicero, or Kirstin, and the claims against them are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IV. Claims Against Defense Attorney Defendants**

The Complaint also names Gregory Esposito, Michael Cirigliano, Richard Kopacz, Joseph Licitra, and Maquita Moody as being attorneys who allegedly represented Willis or were associated with Legal Aid. Compl. at 7. To the extent Plaintiff alleges that these Defendants violated Willis's constitutional rights in connection with his criminal representation, Plaintiff may not prosecute those claims for the reasons explained above, and the Court does not reach their merits. And to the extent Plaintiff intends to assert that these Defendants violated her own constitutional rights, the Complaint fails to state such a claim. An attorney, whether privately retained or court appointed, does not act under color of state law merely by representing a defendant in a criminal proceeding. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000).

A private party may nevertheless act under color of state law where the private party conspires with a state actor to violate a plaintiff's constitutional rights. *See Ciambriello v. County of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002). To state such a claim, however, a plaintiff must allege facts plausibly supporting an agreement between the private and state actors to act in concert to inflict an unconstitutional injury. Conclusory allegations of conspiracy are insufficient.

Here, Plaintiff alleges that Cirigliano and Esposito "conspired with District Attorney McMahon and Judge Koshy to suppress the theft of the capital." Compl. at 12. But the Complaint alleges no facts from which the Court could plausibly infer an agreement or concerted action among Cirigliano, Esposito, and any state actor to violate Plaintiff's constitutional rights. Plaintiff's conclusory assertion of a conspiracy therefore does not plausibly allege that Cirigliano or Esposito acted under color of state law with respect to any claim belonging to Plaintiff. As to

Kopacz, Licitra, and Moody, the Complaint does not allege that they participated in the alleged conspiracy or otherwise acted jointly with a state actor to violate Plaintiff's rights. Accordingly, to the extent Plaintiff asserts claims based on alleged violations of her own rights, she fails to state a Section 1983 claim against the Defense Attorney Defendants.

**V. Claims Based on Alleged Seizure of $80,000**

To the extent Plaintiff alleges that the $80,000 in "business capital" was her property and seeks to assert a Fourth Amendment claim based on its seizure, the Complaint does not identify which named Defendant seized the funds or otherwise allege facts showing the personal involvement of any named Defendant in the alleged seizure. Compl. at 5, 12, 14–16. Pursuant to Section 1983, a plaintiff must allege each defendant's personal involvement in the alleged constitutional deprivation. *See Tangreti*, 983 F.3d at 618. Accordingly, any claim by Plaintiff based on the alleged seizure of her property fails to state a claim under Section 1983.

**VI. Remaining Constitutional Allegations**

Plaintiff also alleges that she was subjected to serious physical mistreatment after demanding the return of the allegedly seized $80,000. Specifically, Plaintiff alleges that unnamed "state actors" subjected her to "mechanical asphyxiation (strangulation)," stomped her in the face while she was prone, and forcibly ripped hair from her scalp. Compl. at 12–13, 16. Plaintiff characterizes this conduct as an attempted murder and a violation of her federal constitutional rights. *Id.* at 13.

These allegations, although serious, do not state a Section 1983 claim against any named Defendant. To state a claim under Section 1983, "a plaintiff must plead and prove that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Tangreti*, 983 F.3d at 618. Here, Plaintiff does not identify any named Defendant

as having used force against her or allege facts showing that any named Defendant personally participated in, directed, or was otherwise personally involved in the alleged use of force. Plaintiff's reference to unidentified "state actors" is therefore insufficient to state a Section 1983 claim against any of the named Defendants.

The Court is required to construe a *pro se* complaint liberally and interpret it to raise the strongest claims it suggests. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010). But even liberally construed, the Complaint does not allege facts connecting the alleged physical mistreatment of Plaintiff to any named Defendant. Accordingly, these allegations fail to state a claim against any named Defendant under Section 1983 and must be dismissed.

**VII. Leave to Amend**

Ordinarily, a *pro se* plaintiff should be afforded an opportunity to amend before dismissal when a liberal reading of the complaint gives any indication that a valid claim might be stated. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also* Fed. R. Civ. P. 15(a)(2). Leave to amend is not required, however, where amendment would be futile. *Cuoco*, 222 F.3d at 112.

Here, amendment would be futile as to Plaintiff's claims for monetary relief against the Judicial Defendants and Prosecutor Defendants for conduct protected by absolute immunity. Leave to amend those claims is therefore denied. But Plaintiff's remaining claims based on alleged violations of her own rights are dismissed for pleading deficiencies that may potentially be cured. In particular, the Complaint does not identify the individuals allegedly responsible for the seizure of Plaintiff's property or the alleged physical mistreatment, does not allege the personal involvement of the Court Employee Defendants, and does not plausibly allege that the

Defense Attorney Defendants acted under color of state law to violate Plaintiff's rights. Plaintiff is therefore granted leave to file an amended complaint by November 9, 2026.[3]

In any amended complaint, Plaintiff must identify the individual or individuals she believes were responsible for the alleged deprivation of her constitutional rights. For each named Defendant, Plaintiff must include a brief description of what they did or failed to do and how each Defendant's act or omission caused her injury. If Plaintiff does not know the name of an individual Defendant, she may identify that individual as John or Jane Doe and, to the best of her ability, provide identifying information and the date and location of the alleged incident. Plaintiff may not assert claims belonging to Willis unless Willis proceeds on his own behalf or through licensed counsel.

## CONCLUSION

For the reasons set forth above, the Complaint, filed *in forma pauperis* ("IFP"), is dismissed for failure to state a claim upon which relief may be granted. Claims belonging to Kevin Willis are dismissed without prejudice pursuant to 28 U.S.C. § 1654 because Plaintiff, a non-attorney proceeding *pro se*, may not prosecute them on his behalf. *See Berrios*, 564 F.3d at 132–34. Plaintiff's claims for monetary relief against the Judicial Defendants and the Prosecutor Defendants are barred by absolute immunity and are therefore dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Finally, Plaintiff's remaining claims based on alleged violations of her own constitutional rights are dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Because leave to amend should be freely given when justice so

[3] Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the original complaint. Moreover, any amended complaint Plaintiff chooses to file must be captioned "Amended Complaint" and bear the same docket number as this Order.

requires, *see* Fed. R. Civ. P. 15(a), the Court grants Plaintiff leave to amend her Complaint as to her own Section 1983 claims only, consistent with this decision. If Plaintiff does not file an amended complaint on or before November 9, 2026, the Court will direct the Clerk of Court to issue judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff and note the mailing on the docket.

SO ORDERED.

*/s/ Hector Gonzalez*
HECTOR GONZALEZ
United States District Judge

Dated: Brooklyn, New York
October 9, 2026